FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 04, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

LAWRENCE SEAN Q.,

                Plaintiff,

     v.

ANDREW SAUL, Commissioner of
Social Security,

                Defendant.

No.    1:20-cv-03063-SMJ

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Lawrence Sean Q. appeals the Administrative Law Judge's (ALJ) denial of his application of disability benefits. He alleges that the ALJ erred by (1) improperly evaluating the medical opinion evidence; (2) improperly rejecting Plaintiff's symptom testimony for reasons that were not specific, clear, and convincing; and (3) improperly assessing Plaintiff's residual functioning capacity regarding his right shoulder impairments. ECF No. 20 at 2; ECF No. 22 at 3. Defendant disputes these contentions and asks the Court to affirm the ALJ's determination. ECF No. 21.

Before the Court, without oral argument, are the parties' cross-motions for summary judgment. ECF Nos. 20, 21. After reviewing the administrative record,

the parties' briefs, and the relevant legal authority, the Court is fully informed. For the reasons discussed below, the Court remands to the Social Security Administration for additional proceedings.

## PROCEDURAL HISTORY[1]

Plaintiff filed for disability in 2012. AR 238–42. In 2017, an ALJ issued an unfavorable decision. AR 12–28. Plaintiff appealed, but in 2018 the district court granted a stipulated motion to reverse and remand for additional proceedings. AR 801–803. In 2020, the ALJ once again denied his claim, and Plaintiff again appealed. AR 721–34; ECF No. 1.

## DISABILITY DETERMINATION

A "disability" is defined, for the purposes of receiving DBI benefits, as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The ALJ uses a five-step sequential evaluation process to determine whether a claimant qualifies for disability benefits. 20 C.F.R. §§ 404.1520, 416.920.

---

[1] The facts of the case are set forth in the administrative record and the parties' briefs. *See, e.g.*, ECF No. 20 at 2–10. The parties have discussed any additional relevant facts in their briefing. *See generally* ECF Nos. 20–22. The Court thus provides only a short procedural summary here.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 2

1    At step one, the ALJ considers the claimant's work activity, if any. 20 C.F.R.

2    §§ 404.1520(a)(4)(i), (b), 416.920(a)(4)(i), (b). If the claimant is doing any

3    substantial gainful activity, the ALJ will find the claimant not disabled and deny

4    their claim. *Id*. If the claimant is not doing any substantial gainful activity, the

5    evaluation proceeds to step two.

6    At step two, the ALJ considers the medical severity of the claimant's

7    impairment(s). 20 C.F.R. §§ 404.1520(a)(4)(ii), (c), 416.920(a)(4)(ii), (c). If they

8    do not have a severe medically determinable physical or mental impairment that

9    meets the twelve-month duration requirement in Section 404.1509, or a

10   combination of impairments that is severe and meets the duration requirement, the

11   ALJ will find the claimant not disabled and deny their claim. *Id*. If the claimant

12   does have a severe physical or mental impairment, the evaluation proceeds to step

13   three.

14   At step three, the ALJ also considers the medical severity of the claimant's

15   impairment(s). 20 C.F.R. §§ 404.1520(a)(4)(iii), (d), 416.920(a)(4)(iii), (d). If they

16   have an impairment(s) that meets or equals one of the Social Security

17   Administration's listings in appendix 1 of this subpart and meets the duration

18   requirement, the ALJ will find the claimant disabled. *Id*.; 404 Subpt. P App. 1. If

19   their impairment(s) does not meet or equal a listed impairment, the evaluation

20   proceeds to step four.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT – 3

1    At step four, the ALJ considers the claimant's residual functional capacity

2    and their past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), (e),

3    416.920(a)(4)(iv), (e). If they can still do their past relevant work, the ALJ will find

4    the claimant not disabled and deny their claim. *Id*.; *see also* §§ 416.920(f), (h),

5    416.960(b). If they cannot, the evaluation proceeds to step five.

6    At the fifth and final step, the ALJ considers the claimant's residual

7    functional capacity and their age, education, and work experience to see if they can

8    adjust to other work. 20 C.F.R. §§ 404.1520(a)(4)(v), (f), 416.920(a)(4)(v), (f). If

9    they can adjust to other work, the ALJ will find the claimant not disabled and deny

10    their claim. *Id*. If they cannot, the ALJ will find the claimant disabled and grant

11    their claim. *Id*.; *see also* §§ 404.1520(g), (h), 404.1560(c).

12    The burden shifts during this sequential disability analysis. The claimant has

13    the initial burden of establishing a prima facie case of entitlement to benefits.

14    *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). If the claimant makes such

15    a showing, the burden then shifts to Defendant to show work within the claimant's

16    capabilities. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984); *see also* SSR 13-

17    2P, 2013 WL 621536, at *4 ("The claimant has the burden of proving disability

18    throughout the sequential evaluation process. Our only burden is limited to

19    producing evidence that work the claimant can do exists in the national economy at

20    step 5 of the sequential evaluation process."). To find a claimant disabled, their

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT – 4

impairments must not only prevent them from doing their previous work, but also (considering their age, education, and work experience) prevent them from doing any other substantial gainful work that exists in the national economy. *Id.*; 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

### ALJ FINDINGS

At step one, the ALJ found that Plaintiff had "not engaged in substantial gainful activity since March 22, 2012, the application date." AR 723.

At step two, the ALJ found that Plaintiff suffered from severe impairments, including: lumbar degenerative disc disease; right-hip trochanteric bursitis, status post 2009 reconstructive surgery; hepatitis; and right shoulder impingement syndrome. AR 724.

At step three, the ALJ found that Plaintiff did "not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impartments." AR 725.

At step four, the ALJ found that Plaintiff has no past relevant work. AR 732.

At step five, the ALJ found that Plaintiff could perform other work existing in significant numbers in the national economy and thus was not disabled. AR 733. Based on the ALJ's determination that Plaintiff has the residual functional capacity to perform light work subject to certain limitations—he was limited to occasionally climbing ramps and stairs, stooping, kneeling, crouching, and crawling; he can

never climb ladders, ropes, or scaffolds, he can reach overhead occasionally; and he should avoid concentrated exposure to hazards like dangerous machinery or unprotected heights—the ALJ determined that Plaintiff could perform the requirements of occupations such as marker, cleaner housekeeping, or cashier. AR 725, 733.

## STANDARD OF REVIEW

Reviewing courts must uphold an ALJ's disability determination if it applied the proper legal standards and supported its decision with substantial evidence in the record. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), *superseded by regulation on other grounds*. "Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019). The ALJ must base its determination on "more than a mere scintilla" of evidence, *id.* at 1154, but need not support its decision by a preponderance of the evidence. *Molina*, 674 F.3d at 1111. If the evidence supports more than one rational interpretation, and the ALJ has supported its decision with inferences drawn reasonably from the record, the Court must uphold its decision. *Id.*; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

Moreover, the Court will not reverse an ALJ's decision if it committed harmless error. *Molina*, 674 F.3d at 1111. The burden to show harmful error lies with the party challenging the ALJ's determination. *See Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

## DISCUSSION

### A.    Medical Opinion Evidence

The Ninth Circuit recognized a hierarchy among the sources of medical opinions, known as the treating physician rule or the treating source rule, for claims filed before March 27, 2017.[2] *Murray v. Heckler*, 722 F.2d 499 (9th Cir. 1983); *see also* 82 Fed. Reg. 5844, 5853 (Jan. 18, 2017); *Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 829 (2003). Specifically, the ALJ must articulate "specific and legitimate reasons supported by substantial evidence in the record" in order to "reject the treating doctor's ultimate conclusions" when the treating doctor's opinion was contradicted by another doctor, or "clear and convincing reasons" if it was not. *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995).

### 1.    Dr. Pellicer

The ALJ gave "little weight" to Dr. Pellicer's opinion that Plaintiff was limited to standing and walking for two to four hours in a work day, sitting for less

---

[2] The regulations were updated in 2017 to eliminate this hierarchy for new claims. *See* 20 C.F.R. § 404.1520c.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 7

than six hours, and lifting ten pounds occasionally. In 2012, Plaintiff received a consultative examination from Dr. Pellicer. AR 376–83. Dr. Pellicer observed Plaintiff was in physical distress, could only sit on his left hip, walked with a limp, demonstrated limited range of motion, had diminished sensation in his right thigh, could only bend part way, and was unable to squat. AR 377–80. Muscle testing also showed decreased strength in his right hip and knee. AR 380. The ALJ found that even though Dr. Pellicer's opinion had "some support," her evaluation "coincided with an exacerbation of hip pain early in the period at issue." AR 731. The ALJ found that the issues with Plaintiff's strength and range of motion had resolved by May 2013. *Id.*

Plaintiff argues several examinations after May 2013 contradict the ALJ's finding that Dr. Pellicer's examination represented an isolated exacerbation. ECF No. 20 at 12 (citing AR 707, 709, 711, 713, 1106, 1109, 1110, 1400, 1403, 1406, 1407, 1410, 1571, 1593 & 1658). Plaintiff also argues that the ALJ did not consider Dr. Pellicer's opinion that "[u]ntil the hip problem is resolved I don't think this claimant can work at a full time job and he certainly can't do manual labor." ECF No. 20 at 13; *see also* AR 381.

This Court agrees with Plaintiff. ALJs must explain why they have rejected significant, probative evidence. *Flores v. Shalala*, 49 F.3d 562, 570–71 (9th Cir. 1995). If the ALJ fails to address a source's statements that would compel disability,

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 8

1    they harmfully err. *Hill v. Astrue*, 698 F.3d 1153, 1160 (9th Cir. 2012). Dr. Pellicer's

2    opinion that Plaintiff cannot work full time is consistent with a finding of disability.

3    Although the ALJ rejected portions of Dr. Pellicer's opinion, they did not address

4    each issue on which Dr. Pellicer opined. *See* SSR 96-5p, 1996 SSR LEXIS 2, at *5–

5    6 (July 2, 1996); *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998). While the

6    Court will "not reweigh the evidence [or] substitute [its] judgment for" the ALJ, it

7    cannot determine whether the ALJ weighed the evidence at all. *See Winans v.*

8    *Bowen*, 853 F.2d 643, 644–45 (9th Cir. 1987). The ALJ thus did not support the

9    rejection of Dr. Pellicer's opinion with substantial evidence. And this Court cannot

10   "confidently conclude that no reasonable ALJ, when fully crediting the testimony,

11   could have reached a different disability determination." *Stout v. Comm'r, Soc. Sec.*

12   *Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006).

13       **2.    Dr. Tufail**

14       The ALJ also gave little weight to Dr. Tufail's opinion that Plaintiff could

15   not stand or walk for six hours in an eight-hour workday, could not sit from

16   prolonged periods with occasional pushing and pulling of arm or leg controls. AR

17   731; *see also* AR 675. Dr. Tufail's opinion is consistent with a limitation to work

18   at a sedentary exertional level, a residual function capacity lower than that found by

19   the ALJ. *See* AR 725; 20 C.F.R. § 416.967(a),(b). The ALJ rejected Dr. Tufail's

20   opinion for two reasons: first, because he "made no clinical findings regarding the

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT – 9

1   claimant's hip," and, second, because he relied on Plaintiff's assertions that he had

2   trouble bearing weight. AR 731.

3       Plaintiff argues that Plaintiff's providers have found that his lumbar and hip

4   issues are related, and so Dr. Tufail's failure to separately address Plaintiff's hip is

5   not a valid reason to give little weight to his opinion. ECF No. 20 at 14–15. This

6   Court agrees. Dr. Tufail's notes make it clear that he considered Plaintiff's hip

7   injury, even if he made no separate clinical findings. *See* AR 680.

8       Plaintiff also points out that the Dr. Tufail filled out specifically instructed

9   him to base his assessment on "physical examination findings, not patient self-

10  assessment." ECF No. 20 at 15 (quoting AR 695). "[W]hen an opinion is not more

11  heavily based on a patient's self-reports than on clinical observations, there is no

12  evidentiary basis for rejecting the opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162

13  (9th Cir. 2014) (reasoning in a case when the doctors' evaluations discussed their

14  observations, diagnoses, and prescriptions in addition to the patient's self-reports

15  that the ALJ "offered no basis for his conclusion that these opinions were based

16  more heavily on [the claimant's] self-reports"). Dr. Tufail's opinion rested on

17  objective findings, such as imaging which showed a healing femur fracture and

18  reduced range of motion. *See* AR 678. "The ALJ must do more than state

19  conclusions. [They] must set forth [their] own interpretations and explain why they,

20  rather than the doctors[], are correct." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th

1    Cir. 2014). Here, the ALJ determined, without sufficient explanation, that Dr. Tufail

2    based his opinions on Plaintiff's reporting of his symptoms. For these reasons, the

3    ALJ did not base its rejection of Dr. Tufail's testimony on substantial evidence.

4    **B.    Plaintiff's Testimony**

5        When a claimant is not malingering and has provided objective medical

6    evidence which may reasonably produce the symptoms alleged, an ALJ may reject

7    that claimant's symptom testimony "only by providing specific, clear, and

8    convincing reasons for doing so." *Brown-Hunter v. Colvin*, 806 F.3d 487, 488–89

9    (9th Cir. 2015).

10       Once Plaintiff has shown that an impairment exists, he need not provide

11   *medical* evidence in support of the *severity* of his symptoms, so long as the

12   impairment "could reasonably be suspected to produce [the] alleged symptoms."

13   *See* 20 C.F.R. §§ 404.1529(b),(c), 416.929(b)(c); *see also Bunnell v. Sullivan*, 947

14   F.2d 341, 345 (9th Cir. 1991) ("Symptoms can sometimes suggest a greater severity

15   of impairment than is demonstrated by objective and medical findings alone"

16   (internal quotation omitted)). An ALJ must make sufficiently specific findings "to

17   permit the court to conclude that the ALJ did not arbitrarily discredit [the]

18   claimant's testimony." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008)

19   (citations omitted). General findings are insufficient. *Lester*, 81 F.3d at 834.

20       Here, the ALJ articulated clear and convincing reasons for rejecting

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT – 11

Plaintiff's subjective testimony about his pain. When the evidence supports more than one rational interpretation, the Court must defer to the decision of the ALJ. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1993 (9th Cir. 2004). The ALJ considered objective findings inconsistent with Plaintiff's testimony about his symptoms. *See* AR 726–29; *see, e.g.*, AR 1107, 1109 & 1382–1401. And the ALJ also considered that Plaintiff's own self-reports at times conflicted with his testimony. *See, e.g.*, AR 606 (Plaintiff said his hip was "doing great"). For example, the ALJ cited several instances when Plaintiff reported no pain, despite his alleged disability. *See, e.g.*, 1218–23.[3] Although this could be interpreted as Plaintiff experiencing symptoms that wax and wane, the ALJ's interpretation was rational and supported by clear and convincing evidence. *See Batson*, 359 F.3d at 1193. It does not appear that the ALJ "reach[ed] a conclusion first and then attempt[ed] to

---

[3] The Ninth Circuit has "repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day." *Garrison*, 759 F.3d at 1016. To that end, "many home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). Accordingly, a claimant's daily activities should not diminish credibility unless those activities contradict the claimant's other testimony or are transferable to a work setting. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). Because the ALJ provided other clear and convincing evidence for rejecting Plaintiff's testimony, the Court need not decide whether Plaintiff's daily activities undermine his testimony.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 12

1    justify it by ignoring competent evidence in the record that suggests an opposite

2    result." *See Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984). Instead, the

3    Court determines that the ALJ supported its decision with substantial evidence.

4    **C.    Plaintiff's Right Shoulder Impairment**

5        Finally, Plaintiff asserts that the ALJ improperly relied on the opinions of Dr.

6    Koukol, Dr. Brown, and Dr. Platter, who gave opinions before the alleged

7    development of Plaintiff's right shoulder impairments. ECF No. 20 at 16. Plaintiff

8    argues that the ALJ should have solicited medical opinions on Plaintiff's current

9    reaching, lifting, and handling limitations. *Id.*

10        "[A]s a lay person, an ALJ is simply not qualified to interpret raw medical

11    data in functional terms." *Padilla v. Astrue*, 541 F. Supp. 2d 1102, 1106 (C.D. Cal.

12    2008). The ALJ erred by determining, seemingly out of thin air, that Plaintiff's right

13    shoulder impairment currently limits him to "occasional right-overhead reaching."

14    AR 730. The ALJ went beyond the opinions provided by the medical professionals,

15    and instead based the determination of the limitations caused by Plaintiff's shoulder

16    merely upon "later evidence of ongoing issues." *Id.* The ALJ should have developed

17    the record by obtaining a timely medical opinion. *See Mayes v. Massanari*, 276 F.3d

18    453, 459–60 (9th Cir. 2001). On remand, the ALJ is directed to obtain a medical

19    opinion on the limitations caused by Plaintiff's right shoulder impingement.

20    //

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT – 13

**D.    Remand**

The Court declines to reverse for an immediate award of benefits. The Court cannot determine that remand would only delay an award to Plaintiff. *Cf. Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981). The Court therefore remands so that an ALJ may make a determination based on further proceedings consistent with this Order.

Accordingly, **IT IS HEREBY ORDERED**:

1.    Plaintiff's Motion for Summary Judgment, **ECF No. 20**, is **GRANTED**.

2.    Defendant's Motion for Summary Judgment, **ECF No. 21**, is **DENIED**.

3.    The Clerk's Office shall **ENTER JUDGMENT** for **PLAINTIFF** and **CLOSE** the file.

4.    This matter shall be **REMANDED** to the Social Security Administration for further proceedings consistent with this order.

**IT IS SO ORDERED.** The Clerk's Office shall enter this Order and provide copies to all counsel.

**DATED** this 4th day of May 2021.

_____

SALVADOR MENDOZA, JR.
United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 14